## KERRIGAN v. KERRIGAN.

No. 63-949-E.

Circuit Court, Duval County.

March 13, 1963.

S. Perry Penland, Jacksonville, for plaintiff.

Mahon & Stratford, Jacksonville, for defendant.

WILLIAM H. MANESS, Circuit Judge.

*Order modifying final decree of circuit court of third judicial circuit in and for Taylor County:* This cause came on to be heard

on the rule to show cause heretofore issued herein pursuant to plaintiff's petition therefor and also on defendant's petition for modification of final decree. At said hearing the court heard the testimony of the plaintiff and the defendant and finds therefrom as follows —

That by the final decree of the circuit court of the third judicial circuit a final decree of divorce was entered on October 3, 1962 divorcing the parties and awarding to the plaintiff permanent alimony in the amount of $25 per week; that at the time of the entry of the final decree the defendant was on parole from the Florida State Prison and was employed; that following the entry of the final decree the defendant made the required alimony payments from October 5th through November 26th, on which date the last payment was made, and since said date 15 payments of $25 each have accrued through March 11, 1963; that on December 4, 1962 the plaintiff shot the defendant with a .22 pistol, striking him in the shoulder as a result of which the defendant incurred $60 hospitalization, approximately $30 to $50 in doctor bills, and asserts that due to his inability to work suffered a further loss of $270 in his business; that the plaintiff was charged with assault to commit murder and on March 11, 1963 pleaded guilty to aggravated assault and was placed on probation by the circuit court of the third judicial circuit in and for Taylor County for a period of three years; that there are no children involved in this proceeding and none born as a result of said marriage.

Based on the foregoing findings of fact this court is of the opinion that as a matter of law and fact the plaintiff has forfeited her right to the alimony provision of said final decree and this court finds that the circumstances of the parties have changed and that said petition for modification should be granted and the alimony provision of said final decree stricken.

Accordingly, it is ordered, adjudged and decreed as follows —

(1)   That said rule to show cause be, and the same is, hereby dissolved without prejudice to the right of the plaintiff to apply for a money judgment for the sums now due under said final decree.

(2)   That defendant's petition for modification should be, and the same is, hereby granted and the final decree of the circuit court of the third judicial circuit of Florida in and for Taylor County, wherein Christine D. Kerrigan is plaintiff and George L. Kerrigan, defendant, entered October 3, 1962 and recorded in official records volume 37 at page 385 should be, and the same is, hereby modified by striking therefrom the provision thereof granting plaintiff permanent alimony.

(3)    That the clerk of this court shall transmit to the clerk of said circuit court, Taylor County, Florida, a copy of this order modifying said final decree.